IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARK A. MERCADO, | ) | FILED: JUNE 19, 2008 |
| | ) | 08CV3528 |
| Plaintiff, | ) | JUDGE COAR |
| | ) | MAGISTRATE JUDGE SCHENKIER |
| v. | ) | |
| | ) | |
| CITY OF BERWYN and | ) | TC |
| OFFICER DAVID GREEN, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL OF A CIVIL ACTION

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

NOW COMES the Defendant, the City of Berwyn, by its attorneys, Odelson & Sterk, Ltd., and for its notice of removal brought pursuant to 28 U.S.C. §1441(a)-(b) and in accordance with 28 U.S.C. §1446(a)-(d) states as follows:

1.   An action has been commenced against the City of Berwyn in the Circuit Court of Cook County, County Department, Fourth Municipal District, entitled <u>Mark A. Mercado v. City of Berwyn and Officer David Green</u>, Case No. 08 M4 4810.

2.   This action was commenced against the City of Berwyn in the Illinois State Court on May 20, 2008, and is now pending therein.

3.   On or about May 20, 2008, the City of Berwyn received service of a Summons and the Complaint in the above titled action. Copies of the Summons and

Complaint are attached hereto and incorporated herein as Exhibit "A" and constitute all process, pleadings and orders served upon the Defendant, the City of Berwyn, in this action.

4. The Defendant, the City of Berwyn has not yet filed its responsive pleading to the Plaintiff's complaint.

5. The Defendant, the City of Berwyn's petition for removal is timely pursuant to 28 U.S.C. § 1446(b).

6. Count II, Count IV, Count V and Count VI of the Plaintiff's complaint alleges that the City of Berwyn and the individual police officers violated 42 U.S.C § 1983 and violated the Plaintiff's Fourth and Fourteenth Amendment Constitutional rights. See Exhibit A.

7. Count I and Count III appear to allege state tort claims against the defendants and share a common nucleus of operative facts with Count II, Count IV, Count V, and Count VI. The claims asserted in Counts I and III are so related to the Federal claims that they form part of the same case or controversy under Article III of the United States Constitution. Therefore, this Court has subject matter jurisdiction over these counts pursuant to 28 U.S.C. § 1367(a).

8. The County of Cook, Illinois, is within the judicial district of the United States District Court for the Northern District of Illinois, Eastern District. Thus venue in this Court is proper under 28 U.S.C § 1441(a).

WHEREFORE, the Defendant, the City of Berwyn, respectfully petitions this Court for removal of the action formerly pending in the Circuit Court of Cook County, Illinois, entitled, <u>Mark A. Mercado v. City of Berwyn and Officer David Green</u>, Case No. 08 M4 4810 to the United States District Court of Illinois , Eastern Division.

        Respectfully submitted,

        ODELSON & STERK,

        By:   s/Robert Wilder
        One of the attorneys for the
          City of Calumet City

Robert Wilder
**ODELSON & STERK, LTD.**
3318 West 95th Street
Evergreen Park, IL 60805
(708) 424-5678
A.R.D.C # 6244917

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED: JUNE 19, 2008
08CV3528
JUDGE COAR
MAGISTRATE JUDGE SCHENKIER
TC

| | | |
|---|---|---|
| MARK A. MERCADO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Circuit Court of Cook County |
| | ) | Case No. 08 M4 810 |
| CITY OF BERWYN and | ) | |
| OFFICER DAVID GREEN, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF FILING

To:   Lanzilloti, Gribben & Marchuk
      3415 S. Harlem Ave.
      Berwyn, IL 60402

      David Goodman
      Shaw, Gussis, Fishman, Glantz, Wolfson & Towbin, LLC
      321 N. Clark Street, Suite 800
      Chicago, Illinois 60610

   PLEASE TAKE NOTICE that on June 19, 2008, we filed the attached **Notice of Removal of Civil Action** with the United States District Court, Northern District of Illinois, Eastern Division, copies of which are hereby served upon you.

                              *S/Robert Wilder*
                              _____

## PROOF OF SERVICE

   I, Robert Wilder, state that on June 19, 2008, I caused a copy of the foregoing **Notice of Removal of Civil Action** to be served on all counsel of record by e-filing this document with the United States District Court, Northern District, Eastern Division.

                              *S/Robert Wilder*
                              _____

**ODELSON & STERK, LTD.**
3318 West 95th Street
Evergreen Park, Illinois 60805
(708) 424-5678

Cook County Attorney No.  45804

STATE OF ILLINOIS       )
                        )ss.
COUNTY OF COOK          )

08CV3528
JUDGE COAR
MAGISTRATE JUDGE SCHENKIER

TC

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT, FOURTH DISTRICT

| | | |
|---|---|---|
| MARK A. MERCADO, | ) | 20084000810 |
| | ) | CALENDAR/ROOM 0112 |
| Plaintiff, | ) | TIME 09:30 |
| v. | ) | Tort - Intentional |
| | ) | |
| CITY OF BERWYN, a Municipal | ) | |
| Corporation, WILLIAM KUSHNER, in | ) | |
| his official capacity as Chief of Police | ) | |
| of the CITY OF BERWYN POLICE | ) | |
| DEPARTMENT, BERWYN POLICE | ) | |
| OFFICER DAVID GREEN and | ) | |
| BERWYN POLICE OFFICER JOHN | ) | |
| HADJIOANNOU, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

### COUNT I

NOW COMES the Plaintiff, MARK A. MERCADO, by and through his Attorneys, LANZILLOTTI, GRIBBEN & MARCHUK and complaining of the Defendants, CITY OF BERWYN and BERWYN POLICE OFFICER DAVID GREEN, states as follows:

1. On May 12, 2007, Defendant BERWYN POLICE OFFICER DAVID GREEN was a City of Berwyn Police Officer and the authorized agent and/or employee of the Defendant, CITY OF BERWYN, a Municipal Corporation. At all times material to this Complaint, Defendant BERWYN POLICE OFFICER DAVID GREEN acted under color of the Statutes, customs, ordinances and usage of the State of Illinois, the Defendant CITY OF BERWYN and

the CITY OF BERWYN POLICE DEPARTMENT.

2. That on or about May 12, 2007 at approximately 4:20 p.m., Plaintiff was walking home from the shopping mall in an easterly direction on a sidewalk located on the south side of 25th Street between Euclid and Oak Park Avenues in Berwyn, Cook County, Illinois.

3. At the time and location alleged, Defendant BERWYN POLICE OFFICER DAVID GREEN stopped, searched and subsequently arrested Plaintiff.

4. At the time and location alleged, there existed no probable cause for Defendant BERWYN POLICE OFFICER DAVID GREEN to stop, search and subsequently place Plaintiff under arrest. Prior to the aforementioned stop, Plaintiff was peacefully conducting himself. Further, Defendant BERWYN POLICE OFFICER DAVID GREEN did not possess a valid search or arrest warrant for Plaintiff.

5. At the time and location alleged, Defendant BERWYN POLICE OFFICER DAVID GREEN targeted Plaintiff because of Plaintiff's race.

6. At the time and location alleged, BERWYN POLICE OFFICER DAVID GREEN, after illegally stopping the Plaintiff, without probable cause, deprived the Plaintiff of his liberty to be free, falsely arrested said Plaintiff and assaulted, battered and tasered said Plaintiff without provocation on the part of the Plaintiff, causing said Plaintiff to sustain personal injuries.

7. At the time and location alleged, the conduct and actions of BERWYN POLICE OFFICER DAVID GREEN was intentional, excessive and with a conscious disregard for the safety of the Plaintiff; and as such, said conduct and actions were willful and wanton in nature.

8. That pursuant to the common law Doctrine of Respondent Superior and Section 9-102 of the Local Government and Governmental Employees Tort Immunity Act, 745ILCS 10/9-102, Defendant CITY OF BERWYN is liable for the willful and wanton misconduct of its Police Officers.

WHEREFORE, the Plaintiff, MARK A. MERCADO, by and through his Attorneys, LANZILLOTTI, GRIBBEN & MARCHUK, prays for judgment against the Defendants CITY OF BERWYN and BERWYN POLICE OFFICER DAVID GREEN for a sum in excess of

FIFTY THOUSAND ($50,000.00) plus the costs of this action, Attorney's fees and such other relief as the Court deems just and equitable.

### COUNT II

<u>CIVIL RIGHTS VIOLATION</u>                             <u>U.S.C.A. 42 Section 1983</u>

NOW COMES the Plaintiff, MARK A. MERCADO, by and through his Attorneys, LANZILLOTTI, GRIBBEN & MARCHUK and complaining of the Defendants, CITY OF BERWYN and BERWYN POLICE OFFICER DAVID GREEN, states as follows:

1. On May 12, 2007, Plaintiff MARK A. MERCADO possessed certain rights under the Fourth and Fourteenth Amendments of the United States Constitution and U.S.C.A. 42 Section 1983.

2. On May 12, 2007 Plaintiff was a resident of the City of Berwyn living at 6342 W. 28th Street, Berwyn, Cook County, Illinois.

3-9. The Plaintiff, MARK A. MERCADO, adopts and realleges the allegations set forth in Paragraphs 1 through 7 inclusive of Count I of this Complaint as his allegations in Paragraph 3 through 9 inclusive of Count II of this Complaint, as though fully set forth herein.

10. At the time and location alleged, Defendant BERWYN POLICE OFFICER DAVID GREEN violated the Fourth and Fourteenth Amendment rights of the United States Constitution of Plaintiff, MARK A. MERCADO, within the meaning of 42 U.S.CA. Section, 1983 in that there existed no probable cause to stop, search and to place said Plaintiff under arrest.

11. At the time and location alleged, Defendant BERWYN POLICE OFFICER DAVID GREEN violated the Fourth and Fourteenth Amendment rights of the United States Constitution of the Plaintiff, within the meaning of 42 U.S.C.A. Section 1983, in that said Officer David Green unlawfully stopped and maliciously harassed the Plaintiff because of his race.

12. At the time and location alleged, Defendant BERWYN POLICE OFFICER DAVID GREEN violated the Fourth and Fourteenth Amendment rights of the United States Constitution of the Plaintiff, within the meaning of 42 U.S.C.A. Section 1983, in that intentional and excessive use of force was utilized by Defendant BERWYN POLICE OFFICER DAVID GREEN upon the Plaintiff, which resulted in severe and permanent injuries to the Plaintiff.

13. At the time and location alleged, Defendant BERWYN POLICE OFFICER DAVID GREEN violated the Fourth and Fourteenth Amendment rights of the United States Constitution of the Plaintiff, within the meaning of 42 U.S.C.A. Section 1983, in that he denied the Plaintiff due process of law under said Amendments by causing the Plaintiff great bodily harm and permanent injury.

14. As a proximate result of the aforesaid violations of the Fourth and Fourteenth Amendments of the United States Constitution and the violation of 42 U.S.C.A. Section 1983, Plaintiff sustained injuries of a personal, reoccurring and permanent nature.

WHEREFORE, the Plaintiff, MARK A. MERCADO, prays for judgment against Defendants the CITY OF BERWYN and Defendant BERWYN POLICE OFFICER DAVID GREEN for a sum in excess of FIFTY THOUSAND ($50,000.00) plus the costs, attorney's fees of this action and such other relief as the Court deems just and equitable.

## COUNT III

NOW COMES the Plaintiff, MARK A. MERCADO, by and through his Attorneys, LANZILLOTTI, GRIBBEN & MARCHUK and complaining of the Defendants, CITY OF BERWYN and BERWYN POLICE OFFICER JOHN HADJIOANNOU, states as follows:

1. On April 2, 2008, Defendant BERWYN POLICE OFFICER JOHN HADJIOANNOU was a City of Berwyn Police Officer and the authorized agent and/or employee of the Defendant, CITY OF BERWYN, a Municipal Corporation. At all times material to this Complaint, Defendant BERWYN POLICE OFFICER JOHN HADJIOANNOU acted

under color of the Statutes, customs, ordinances and usage of the State of Illinois, the CITY OF BERWYN and the CITY OF BERWYN POLICE DEPARTMENT.

2. That on or about April 2, 2008 at approximately 1:15 a.m., Plaintiff was walking home from his job in a westerly direction on a sidewalk located on 28th Street near its intersection with Cuyler Avenue in Berwyn, Cook County, Illinois.

3. At the time and location alleged, Defendant BERWYN POLICE OFFICER JOHN HADJIOANNOU stopped, searched and subsequently arrested Plaintiff.

4. At the time and location alleged, there existed no probable cause for the, Defendant BERWYN POLICE OFFICER JOHN HADJIOANNOU to stop, search and subsequently place the Plaintiff under arrest. Prior to the aforementioned stop, the Plaintiff was peacefully conducting himself. Further, Defendant BERWYN POLICE OFFICER JOHN HADJIOANNOU did not possess a valid search or arrest warrant for the Plaintiff.

5. At the time and location alleged, Defendant BERWYN POLICE OFFICER JOHN HADJIOANNOU targeted Plaintiff because of Plaintiff's race.

6. At the time and location alleged, after illegally stopping the Plaintiff without probable cause, Defendant BERWYN POLICE OFFICER JOHN HADJIOANNOU deprived the Plaintiff of his liberty to be free, falsely arrested said Plaintiff and assaulted and battered said Plaintiff, without provocation on the part of the Plaintiff, causing said Plaintiff to sustain personal injuries.

7. At the time and location alleged, the conduct and actions of Defendant BERWYN POLICE OFFICER JOHN HADJIOANNOU was intentional, excessive and with a conscious disregard for the safety of the Plaintiff; and as such, said conduct and actions were willful and wanton in nature.

8. That pursuant to the common law Doctrine of Respondent Superior and Section 9-102 of the Local Government and Governmental Employees Tort Immunity Act, 745ILCS 10/9-102, Defendant CITY OF BERWYN is liable for the willful and wanton misconduct of its Police Officers.

WHEREFORE, the Plaintiff, MARK A. MERCADO, by and through his Attorneys, LANZILLOTTI, GRIBBEN & MARCHUK, prays for judgment against the Defendants CITY OF BERWYN and BERWYN POLICE OFFICER JOHN HADJIOANNOU for a sum in excess of FIFTY THOUSAND ($50,000.00) plus the costs of this action, Attorney's fees and such other relief as the Court deems just and equitable.

## COUNT IV

**CIVIL RIGHTS VIOLATION**                                    **U.S.C.A. 42 Section 1983**

NOW COMES the Plaintiff, MARK A. MERCADO, by and through his Attorneys, LANZILLOTTI, GRIBBEN & MARCHUK and complaining of the Defendants, CITY OF BERWYN and BERWYN POLICE OFFICER JOHN HADJIOANNOU, states as follows:

1. On April 2, 2008, Plaintiff MARK A. MERCADO possessed certain rights under the Fourth and Fourteenth Amendments of the United States Constitution and U.S.C.A. 42 Section 1983.

2. On April 2, 2008 Plaintiff was a resident of the City of Berwyn living at 6342 W. 28th Street, Berwyn, Cook County, Illinois.

3-9. The Plaintiff, MARK A. MERCADO, adopts and realleges the allegations set forth in Paragraphs 1 through 7 inclusive of Count III of this Complaint as his allegations in Paragraph 3 through 9 inclusive of Count IV of this Complaint, as though fully set forth herein.

10. At the time and location alleged, Defendant BERWYN POLICE OFFICER JOHN HADJIOANNOU violated the Fourth and Fourteenth Amendment rights of the United States Constitution of Plaintiff MARK A. MERCADO, within the meaning of 42 U.S.CA. Section 1983, in that there existed no probable cause to stop, search and to place him under arrest.

11. At the time and location alleged, Defendant BERWYN POLICE OFFICER JOHN HADJIOANNOU violated the Fourth and Fourteenth Amendment rights of the United States Constitution of the Plaintiff, within the meaning of 42 U.S.C.A. Section 1983, in that Defendant

BERWYN POLICE OFFICER JOHN HADJIOANNOU unlawfully stopped and maliciously harassed the Plaintiff because of his race.

12. At the time and location alleged, Defendant BERWYN POLICE OFFICER JOHN HADJIOANNOU, violated the Fourth and Fourteenth Amendment rights of the United States Constitution of the Plaintiff, within the meaning of 42 U.S.C.A. Section 1983, in that intentional and excessive use of force was utilized by Defendant BERWYN POLICE OFFICER JOHN HADJIOANNOU upon the Plaintiff which resulted in severe permanent injuries to the Plaintiff.

13. At the time and location alleged, Defendant BERWYN POLICE OFFICER JOHN HADJIOANNOU violated the Fourth and Fourteenth Amendment rights of the United States Constitution of the Plaintiff, within the meaning of 42 U.S.C.A. Section 1983, in that he denied the Plaintiff due process of law under said Amendments by causing the Plaintiff great bodily harm and permanent injury.

14. As a proximate result of the aforesaid violations of the Fourth and Fourteenth Amendments of the United States Constitution and the violation of 42 U.S.C.A. Section 1983, the Plaintiff sustained injuries of a personal, reoccurring and permanent nature.

WHEREFORE, the Plaintiff, MARK A. MERCADO, prays for judgment against Defendants the CITY OF BERWYN and BERWYN POLICE OFFICER JOHN HADJIOANNOU for a sum in excess of FIFTY THOUSAND ($50,000.00) plus the costs of this action, Attorney's fees and such other relief as the Court deems just and equitable.

## COUNT V

**CIVIL RIGHTS VIOLATION**　　　　　　　　　　　　　　　**U.S.C.A. 42 Section 1983**

NOW COMES the Plaintiff, MARK A. MERCADO, by and through his Attorneys, LANZILLOTTI, GRIBBEN & MARCHUK and complaining of the Defendants, CITY OF BERWYN and BERWYN POLICE DEPARTMENT CHIEF OF POLICE WILLIAM KUSHNER, states as follows:

1. On May 12, 2007, Plaintiff MARK A. MERCADO possessed certain rights under the Fourth and Fourteenth Amendments of the United States Constitution and U.S.C.A. 42 Section 1983.

2. On May 12, 2007 Plaintiff was a resident of the City of Berwyn living at 6342 W. 28th Street, Berwyn, Cook County, Illinois.

3-9. The Plaintiff, MARK A. MERCADO, adopts and realleges the allegations set forth in Paragraphs 1 through 7 inclusive of Count I of this Complaint as his allegations in Paragraph 3 through 9 inclusive of Count V of this Complaint, as though fully set forth herein.

10. At all times relevant to this Complaint, Defendant DAVID GREEN, as a Police Officer was acting under the direction and control of Defendants WILLIAM KUSHNER and the CITY OF BERWYN.

11. Acting under color of law and pursuant to official policy of custom, Defendants, WILLIAM KUSHNER and the CITY OF BERWYN knowingly, recklessly, or with gross negligence failed to instruct, supervise, control and discipline on a continuing basis Defendant BERWYN POLICE OFFICER DAVID GREEN in his duties to refrain from: (1) unlawfully and maliciously harassing a citizen because of his race; (2) unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities; (3) unlawfully and maliciously arresting, imprisoning and prosecuting a citizen who was acting in accordance with his constitutional and statutory rights, privileges and immunities; (4) unlawfully and maliciously assaulting and beating a citizen or otherwise using unreasonable and excessive force before, during, or after the making of an arrest, whether the arrest was lawful or unlawful; (5) conspiring to violate the rights, privileges and immunities guaranteed to Plaintiff by the Constitution and laws of the United States of Illinois; and (6) otherwise depriving Plaintiff of his constitutional and statutory rights, privileges and immunities.

12. Defendants WILLIAM KUSHNER and CITY OF BERWYN had knowledge or, had they diligently exercised their duties to instruct, supervise, control and discipline on a

continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendants WILLIAM KUSHNER and CITY OF BERWYN had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence and knowingly, recklessly or with gross negligence failed or refused to do so.

13.     Defendants WILLIAM KUSHNER and CITY OF BERWYN directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of BERWYN POLICE OFFICER DAVID GREEN as heretofore described.

14.     As a direct and proximate cause of the negligent and intentional acts of Defendants WILLIAM KUSHNER and CITY OF BERWYN as set forth in Paragraphs 1 thru 14, hereinabove, the Plaintiff suffered physical injury, loss of income, medical expenses, and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States and protected by U.S.C.A. 42 Section 1983.

WHEREFORE, the Plaintiff, MARK A. MERCADO, prays for judgment against Defendants the CITY OF BERWYN and BERWYN POLICE DEPARTMENT CHIEF OF POLICE WILLIAM KUSHNER for a sum in excess of FIFTY THOUSAND ($50,000.00) plus the costs of this action, Attorney's fees and such other relief as the Court deems just and equitable.

## COUNT VI

**CIVIL RIGHTS VIOLATION**                                    **U.S.C.A. 42 Section 1983**

NOW COMES the Plaintiff, MARK A. MERCADO, by and through his Attorneys, LANZILLOTTI, GRIBBEN & MARCHUK and complaining of the Defendants, CITY OF BERWYN and BERWYN POLICE DEPARTMENT CHIEF OF POLICE WILLIAM KUSHNER, states as follows:

1.      On April 2, 2008, Plaintiff MARK A. MERCADO possessed certain rights under

the Fourth and Fourteenth Amendments of the United States Constitution and U.S.C.A. 42 Section 1983.

2. On April 2, 2008 Plaintiff was a resident of the City of Berwyn living at 6342 W. 28th Street, Berwyn, Cook County, Illinois.

3-9. The Plaintiff, MARK A. MERCADO, adopts and realleges the allegations set forth in Paragraphs 1 through 7 inclusive of Count III of this Complaint as his allegations in Paragraph 3 through 9 inclusive of Count VI of this Complaint, as though fully set forth herein.

10. At all times relevant to this Complaint, Defendant JOHN HADJIOANNOU, as a Police Officer was acting under the direction and control of Defendants WILLIAM KUSHNER and the CITY OF BERWYN.

11. Acting under color of law and pursuant to official policy of custom, Defendants, WILLIAM KUSHNER and the CITY OF BERWYN knowingly, recklessly, or with gross negligence failed to instruct, supervise, control and discipline on a continuing basis Defendant BERWYN POLICE OFFICER JOHN HADJIOANNOU in his duties to refrain from: (1) unlawfully and maliciously harassing a citizen because of his race; (2) unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities; (3) unlawfully and maliciously arresting, imprisoning and prosecuting a citizen who was acting in accordance with his constitutional and statutory rights, privileges and immunities; (4) unlawfully and maliciously assaulting and beating a citizen or otherwise using unreasonable and excessive force before, during, or after the making of an arrest, whether the arrest was lawful or unlawful; (5) conspiring to violate the rights, privileges and immunities guaranteed to Plaintiff by the Constitution and laws of the United States of Illinois; and

(6) otherwise depriving Plaintiff of his constitutional and statutory rights, privileges and immunities.

12. Defendants WILLIAM KUSHNER and CITY OF BERWYN had knowledge or, had they diligently exercised their duties to instruct, supervise, control and discipline on a

continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendants WILLIAM KUSHNER and CITY OF BERWYN had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence and knowingly, recklessly or with gross negligence failed or refused to do so.

13. Defendants WILLIAM KUSHNER and CITY OF BERWYN directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of BERWYN POLICE OFFICER JOHN HADJIOANNOU as heretofore described.

14. As a direct and proximate cause of the negligent and intentional acts of Defendants WILLIAM KUSHNER and CITY OF BERWYN as set forth in Paragraphs 1 thru 14, hereinabove, the Plaintiff suffered physical injury, loss of income, medical expenses, and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States and protected by U.S.C.A. 42 Section 1983.

WHEREFORE, the Plaintiff, MARK A. MERCADO, prays for judgment against Defendants the CITY OF BERWYN and BERWYN POLICE DEPARTMENT CHIEF OF POLICE WILLIAM KUSHNER for a sum in excess of FIFTY THOUSAND ($50,000.00) plus the costs of this action, Attorney's fees and such other relief as the Court deems just and equitable.

Attorneys for Plaintiff

Lanzillotti, Gribben & Marchuk
Attorneys for Plaintiff
3415 South Harlem Avenue
Berwyn, Illinois 60402
(708) 749-2405
Cook County Attorney No. 45804