## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MARK A. MERCADO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No:      08-CV-3528 |
| | ) | |
| CITY OF BERWYN, a municipal | ) | |
| corporation, WILLIAM KUSHNER, in his | ) | |
| official capacity as Chief of Police of the | ) | |
| CITY OF BERWYN POLICE | ) | |
| DEPARTMENT, BERWYN POLICE | ) | Judge Coar |
| OFFICER DAVID GREEN, and BERWYN | ) | |
| POLICE OFFICER JOHN | ) | Magistrate Judge Schenkier |
| HADJIOANNOU | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED NOTICE OF REMOVAL OF A CIVIL ACTION

NOW COME all Defendants, by their respective attorneys, and for their amended notice of removal brought pursuant to 28 U.S.C. §1441(a)-(b) and in accordance with 28 U.S.C. §1446(a)-(d) states as follows:

1.    An action has been commenced against the City of Berwyn and other individual defendants in the Circuit Court of Cook County, County Department, Fourth Municipal District, entitled Mark A. Mercado v. City of Berwyn and Officer David Green, Case No. 08 M4 4810.

2.    This action was commenced against the defendants in the Illinois State Court on May 12, 2008, and is now pending therein.

3.    On or about May 20, 2008, the Defendants received service of a Summons and the

Complaint in the above titled action.  Copies of the Summons and Complaint are

attached hereto and incorporated herein as Exhibit "A" and constitute all process,

pleadings and orders served upon the Defendant, the City of Berwyn, in this

action.

4.    The Defendants have not yet filed their responsive pleadings to the Plaintiff's

complaint.

5.    The Defendant, City of Berwyn filed its Notice of Removal on June 19, 2008.

6.    The Defendants' petition for removal is timely pursuant to 28 U.S.C. § 1446(b).

7.    The Defendants filed their Amended Notice of Removal on June 20, 2008.

8.    Count II, Count IV, Count V and Count VI of the Plaintiff's complaint alleges that

the City of Berwyn and the individual police officers violated 42 U.S.C § 1983

and violated the Plaintiff's Fourth and Fourteenth Amendment Constitutional

rights.  See Exhibit A.

9.    Count I and Count III appear to allege state tort claims against the defendants and

share a common nucleus of operative facts with Count II, Count IV, Count V, and

Count VI.  The claims asserted in Counts I and III are so related to the Federal

claims that they form part of the same case or controversy under Article III of the

United States Constitution.  Therefore, this Court has subject matter jurisdiction

over these counts pursuant to 28 U.S.C. § 1367(a).

10.   The County of Cook, Illinois, is within the judicial district of the United States

District Court for the Northern District of Illinois, Eastern District.  Thus venue in

this Court is proper under 28 U.S.C § 1441(a).

WHEREFORE, all Defendants respectfully petition this Court for removal of the action formerly pending in the Circuit Court of Cook County, Illinois, entitled, <u>Mark A. Mercado v. City of Berwyn and Officer David Green</u>, Case No. 08 M4 4810 to the United States District Court of Illinois , Eastern Division.

Respectfully submitted,

CITY OF BERWYN and WILLIAM KUSHNER,

By: s/Robert Wilder
One of the attorneys for the City of Berwyn and William Kushner

Respectfully submitted,
OFFICER DAVID GREEN and OFFICER JOHN HADJIOANNOU

By: s/S. Jarret Raab
One of the attorneys for Officer David Green and Officer John Hadjioannou

Robert Wilder
**Odelson & Sterk, Ltd.**
3318 West 95th Street
Evergreen Park, IL 60805
(708) 424-5678
A.R.D.C # 6244917

S. Jarret Raab
**Shaw Gussis Fishman Glantz Wolfson & Towbin LLC**
321 N. Clark Street, Suite 800
Chicago, IL 60610

**EXHIBIT**

**A**

2120 - Served   2220 - Not Served   2620 - Sec. of State
2121 - Alias Served   2221 - Alias Not Served   2621 - Alias Sec. of State
Summons (This form replaces CCM 0646, CCM1 0646, CCM1 0651, CCMD 0648, and CCMD 0649-2 thru 6)   CCM N649-60M-9/15/06 (          )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS   CALENDAR/ROOM 0112
FOURTH MUNICIPAL DISTRICT   TIME 09:30
Tort - Intentional

Name All Parties

MARK A. MERCADO,
                                           Plaintiff(s)
                    v.

CITY OF BERWYN, a Municipal Corporation, et al.
                                           Defendant(s)

SEE ATTACHED SERVICE LIST
                    Address of Defendant(s)

Case No. _____

Amount Claimed: $ Over 50,000.00 plus costs

Appearance Filing/Return Date: 6-13-08

Status Date: 7-16-08

Trial Date: _____

Time: 9:30 AM          Room: 112

2008 MAY 20 AM 9:04

SUMMONS

To each Defendant:

   YOU ARE SUMMONED and required:

   1. To file your written appearance by yourself or your attorney and pay the required fee in:

☐ District 1: Richard J. Daley Center; 50 West Washington, Room 602; Chicago, IL 60602
☐ District 2: 5600 Old Orchard Rd., Rm 136; Skokie, IL 60077      ☐ District 5: 10220 S. 76th Ave., Rm 121; Bridgeview, IL 60455
☒ District 4: 1500 Maybrook Dr., Rm 236; Maywood, IL 60153

on   6-13-08   , 2008   , between the hours of 8:30 a.m. and 2:30 p.m.;

☐ District 3: 2121 Euclid, Rm 121; Rolling Meadows, IL 60008      ☐ District 6: 16501 S. Kedzie Pkwy., Rm 119; Markham, IL 60428
on _____ , _____ , before 9:00 a.m.

   2. File your answer to the complaint before 9:00 a.m. as required by the applicable subsections of Paragraph 3 or 4 in the NOTICE TO THE DEFENDANT on the reverse side.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.

To the officer:

   This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service, and not less than 3 days before the day for appearance. If service cannot be made, this summons shall be returned so endorsed.

   This summons may not be served later than 3 days before the day for appearance.

THERE WILL BE A FEE TO FILE YOUR APPEARANCE. SEE FEES ON THE REVERSE SIDE OF THIS FORM.

Atty. No.: 45804
Name: Lanzillotti, Gribben & Marchuk
Atty. for: Plaintiff
Address: 3415 S. Harlem Ave
City/State/Zip: Berwyn, IL 60402
Telephone: 708-749-2405

WITNESS, _____ , _____

MAY 12 2008

DOROTHY BROWN, Circuit Court Clerk

Date of Service: _____ , _____
(To be inserted by officer on copy left with Defendant or other person)

SEE REVERSE SIDE

** Service by Facsimile Transmission will be accepted at: ____(708)____    ____749-2077____
                                                          (Area Code)   (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

CCM N649-100M-9/15/06 (                    )

APPEARANCE FEES INCLUDE A COUNTY LAW LIBRARY FEE OF S13.00, THE COURT AUTOMATION FEE OF S15.00, A DOCUMENT STORAGE FEE OF S15.00 AND THE MANDATORY ARBITRATION FEE OF $10.00 WHERE APPLICABLE.

**JURY FEES ARE AS FOLLOWS:**

APPEARANCE FEES (BASED ON AMOUNT OF CLAIM)
(ALL CASES; NO DISPUTE RESOLUTION CHARGED)

| | |
|---|---|
| FORCIBLE DETAINER (POSSESSION ONLY) | S133.00 |
| S1500.00 OR LESS | S133.00 |
| S1500.00 TO S15,000.00 | S143.00 |
| MORE THAN S15,000.00 | S163.00 |

CLAIMS FOR DAMAGES NOT IN EXCESS OF S10,000.00
*SIX-PERSON  S12.50
*TWELVE-PERSON JURY          $25.00 or
$12.50 if another party paid for a jury of six

CLAIMS FOR DAMAGES NOT IN EXCESS OF S15,000.00
*SIX-PERSON  S115.00
*TWELVE-PERSON JURY          S230.00 or
S115.00 if another party paid for a jury of six

CLAIMS FOR DAMAGES IN EXCESS OF S15,000.00
*TWELVE-PERSON JURY          S230.00

*THESE FEES MAY BE WAIVED BY APPROPRIATE COURT ORDER. YOU HAVE THE RIGHT TO FILE A PETITION SEEKING SUCH AN ORDER.

## NOTICE TO PLAINTIFF

You MUST select a return day of:
not less than 14 or more than 40 days after issuance of summons if amount claimed is $5000 or less;
not less than 21 or more than 40 days after issuance of summons if amount claimed is in excess of S5000.

## NOTICE TO DEFENDANT

1. If the complaint is notarized, your answer must be notarized.

For District 1 Cases Only:

2. On the specified Return Day, one of the following may occur:

   a. If you are sued for S5000.00 or less, you need not file an answer unless ordered to do so by the Court.

      (i)   If Plaintiff is not present, the case may be dismissed for want of prosecution.

      (ii)  If you have not filed an appearance, or you have filed an appearance and are not present, the Plaintiff may obtain an exparte default judgment against you for the amount claimed.

      (iii) If you have filed an appearance and are present on Return Day, trial may be held that day, or may be set for another day certain.

   b. If you are sued for more than S10,000.00, and if you have filed your appearance on time, you must file your answer no later than 10 days after the appearance date (return date) specified on the front of this form. If you have not filed your appearance or answer on time, the Plaintiff may obtain an exparte default judgment against you for the amount claimed. If Plaintiff is not present for the Default call, the case may be dismissed for want of prosecution. If you filed your appearance and have not filed your answer on time the Plaintiff may motion the court to enter a judgment.

3. Late filing of an appearance or answer will not relieve you from a judgment or default order except by court order.

For District 2, 3, 4, 5 and 6 Cases:

4. If you are sued for more than S5000.00, you have 10 days from the Return Day to answer or otherwise plea.

5. On the specified Return Day, if you are sued for S5000.00 or less, you need not file an answer unless ordered to do so by the Court.

6. On the specified Status/Trial Day, one of the following may occur:
   a. If Plaintiff is not present, the case may be dismissed for want of prosecution.
   b. If you have not filed an appearance, or you have filed an appearance and are not present, the Plaintiff may obtain an ex parte default judgment against you for the amount claimed.
   c. If you have filed an appearance and are present on Status/Trial Day, trial may be held that day, or may be set for another day certain.

The following is applicable to District 3 cases only:

7. This case may/may not be heard on the day for apperance specified in summons.

8. If the claim is for personal injury, or is a civil case in which Plaintiff has filed a jury demand, you will be required to file your appearance in person or by attorney Return Day, and your answer as required by Par. 2(b) above. These cases will be assigned and heard in the Civil Jury Room _____ unless otherwise ordered by the Presiding Judge. Neither Plaintiff nor Plaintiff's attorney will be required to be present on Return Day. The case will be set for Status at 9:00 a.m., approximately 60 days from the date of filing. Plaintiff and Defendant will be required to appear in court on that status day.

9. Trial Rights of Property, Detinues, and Revivals of Judgment, Pro Se, and Forcible Detainer suits are returnable in Room _____ and are disposed of on a Return Day unless otherwise ordered by the Court.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Mark A. Mercado
      v.
City of Berwyn, a Municipal Corporation,
William Kushner, in his Official Capacity as
Chief of Police of the City of Berwyn, Officer
David Green and Officer John Hadjioannou

## SERVICE LIST

Thomas Pavlik
City Clerk
City of Berwyn
6700 W. 26th Street
Berwyn, IL  60402


William Kushner
Chief of Police
City of Berwyn Police Department
6401 W. 31st Street
Berwyn, IL  60402


Officer David Green
City of Berwyn Police Department
6401 W. 31st Street
Berwyn, IL  60402


Officer John Hadjioannou
City of Berwyn Police Department
6401 W. 31st Street
Berwyn, IL  60402

Cook County Attorney No.    45804

STATE OF ILLINOIS    )
                    )ss.
COUNTY OF COOK    )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT, FOURTH DISTRICT

| | | |
|---|---|---|
| MARK A. MERCADO, | ) | |
| | ) | 20084000810 |
| Plaintiff, | ) | CALENDAR/ROOM 0112 |
| | ) | TIME 09:30 |
| v. | ) | Tort - Intentional |
| | ) | |
| CITY OF BERWYN, a Municipal | ) | |
| Corporation, WILLIAM KUSHNER, in | ) | |
| his official capacity as Chief of Police | ) | |
| of the CITY OF BERWYN POLICE | ) | |
| DEPARTMENT, BERWYN POLICE | ) | |
| OFFICER DAVID GREEN and | ) | |
| BERWYN POLICE OFFICER JOHN | ) | |
| HADJIOANNOU, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

**COUNT I**

NOW COMES the Plaintiff, MARK A. MERCADO, by and through his Attorneys,

LANZILLOTTI, GRIBBEN & MARCHUK and complaining of the Defendants, CITY OF

BERWYN and BERWYN POLICE OFFICER DAVID GREEN, states as follows:

1.      On May 12, 2007, Defendant BERWYN POLICE OFFICER DAVID GREEN

was a City of Berwyn Police Officer and the authorized agent and/or employee of the Defendant,

CITY OF BERWYN, a Municipal Corporation. At all times material to this Complaint,

Defendant BERWYN POLICE OFFICER DAVID GREEN acted under color of the Statutes,

customs, ordinances and usage of the State of Illinois, the Defendant CITY OF BERWYN and

the CITY OF BERWYN POLICE DEPARTMENT.

2.      That on or about May 12, 2007 at approximately 4:20 p.m., Plaintiff was walking

home from the shopping mall in an easterly direction on a sidewalk located on the south side of

25th Street between Euclid and Oak Park Avenues in Berwyn, Cook County, Illinois.

3.      At the time and location alleged, Defendant BERWYN POLICE OFFICER

DAVID GREEN stopped, searched and subsequently arrested Plaintiff.

4.      At the time and location alleged, there existed no probable cause for Defendant

BERWYN POLICE OFFICER DAVID GREEN to stop, search and subsequently place Plaintiff

under arrest.  Prior to the aforementioned stop, Plaintiff was peacefully conducting himself.

Further, Defendant BERWYN POLICE OFFICER DAVID GREEN did not possess a valid

search or arrest warrant for Plaintiff.

5.      At the time and location alleged, Defendant BERWYN POLICE OFFICER

DAVID GREEN targeted Plaintiff because of Plaintiff's race.

6.      At the time and location alleged, BERWYN POLICE OFFICER DAVID

GREEN, after illegally stopping the Plaintiff, without probable cause, deprived the Plaintiff of

his liberty to be free, falsely arrested said Plaintiff and assaulted, battered and tasered said

Plaintiff without provocation on the part of the Plaintiff, causing said Plaintiff to sustain personal

injuries.

7.      At the time and location alleged, the conduct and actions of BERWYN POLICE

OFFICER DAVID GREEN was intentional, excessive and with a conscious disregard for the

safety of the Plaintiff; and as such, said conduct and actions were willful and wanton in nature.

8.      That pursuant to the common law Doctrine of Respondent Superior and Section

9-102 of the Local Government and Governmental Employees Tort Immunity Act, 745ILCS

10/9-102, Defendant CITY OF BERWYN is liable for the willful and wanton misconduct of its

Police Officers.

WHEREFORE, the Plaintiff, MARK A. MERCADO, by and through his Attorneys,

LANZILLOTTI, GRIBBEN & MARCHUK, prays for judgment against the Defendants CITY

OF BERWYN and BERWYN POLICE OFFICER DAVID GREEN for a sum in excess of

FIFTY THOUSAND ($50,000.00) plus the costs of this action, Attorney's fees and such other relief as the Court deems just and equitable.

## COUNT II

**CIVIL RIGHTS VIOLATION**                    **U.S.C.A. 42 Section 1983**

NOW COMES the Plaintiff, MARK A. MERCADO, by and through his Attorneys, LANZILLOTTI, GRIBBEN & MARCHUK and complaining of the Defendants, CITY OF BERWYN and BERWYN POLICE OFFICER DAVID GREEN, states as follows:

1.     On May 12, 2007, Plaintiff MARK A. MERCADO possessed certain rights under the Fourth and Fourteenth Amendments of the United States Constitution and U.S.C.A. 42 Section 1983.

2.     On May 12, 2007 Plaintiff was a resident of the City of Berwyn living at 6342 W. 28th Street, Berwyn, Cook County, Illinois.

3-9.     The Plaintiff, MARK A. MERCADO, adopts and realleges the allegations set forth in Paragraphs 1 through 7 inclusive of Count I of this Complaint as his allegations in Paragraph 3 through 9 inclusive of Count II of this Complaint, as though fully set forth herein.

10.     At the time and location alleged, Defendant BERWYN POLICE OFFICER DAVID GREEN violated the Fourth and Fourteenth Amendment rights of the United States Constitution of Plaintiff, MARK A. MERCADO, within the meaning of 42 U.S.CA. Section, 1983 in that there existed no probable cause to stop, search and to place said Plaintiff under arrest.

11.     At the time and location alleged, Defendant BERWYN POLICE OFFICER DAVID GREEN violated the Fourth and Fourteenth Amendment rights of the United States Constitution of the Plaintiff, within the meaning of 42 U.S.C.A. Section 1983, in that said Officer David Green unlawfully stopped and maliciously harassed the Plaintiff because of his race.

12.    At the time and location alleged, Defendant BERWYN POLICE OFFICER DAVID GREEN violated the Fourth and Fourteenth Amendment rights of the United States Constitution of the Plaintiff, within the meaning of 42 U.S.C.A. Section 1983, in that intentional and excessive use of force was utilized by Defendant BERWYN POLICE OFFICER DAVID GREEN upon the Plaintiff, which resulted in severe and permanent injuries to the Plaintiff.

13.    At the time and location alleged, Defendant BERWYN POLICE OFFICER DAVID GREEN violated the Fourth and Fourteenth Amendment rights of the United States Constitution of the Plaintiff, within the meaning of 42 U.S.C.A. Section 1983, in that he denied the Plaintiff due process of law under said Amendments by causing the Plaintiff great bodily harm and permanent injury.

14.    As a proximate result of the aforesaid violations of the Fourth and Fourteenth Amendments of the United States Constitution and the violation of 42 U.S.C.A. Section 1983, Plaintiff sustained injuries of a personal, reoccurring and permanent nature.

WHEREFORE, the Plaintiff, MARK A. MERCADO, prays for judgment against Defendants the CITY OF BERWYN and Defendant BERWYN POLICE OFFICER DAVID GREEN for a sum in excess of FIFTY THOUSAND ($50,000.00) plus the costs, attorney's fees of this action and such other relief as the Court deems just and equitable.

## COUNT III

NOW COMES the Plaintiff, MARK A. MERCADO, by and through his Attorneys, LANZILLOTTI, GRIBBEN & MARCHUK and complaining of the Defendants, CITY OF BERWYN and BERWYN POLICE OFFICER JOHN HADJIOANNOU, states as follows:

1.    On April 2, 2008, Defendant BERWYN POLICE OFFICER JOHN HADJIOANNOU was a City of Berwyn Police Officer and the authorized agent and/or employee of the Defendant, CITY OF BERWYN, a Municipal Corporation. At all times material to this Complaint, Defendant BERWYN POLICE OFFICER JOHN HADJIOANNOU acted

under color of the Statutes, customs, ordinances and usage of the State of Illinois, the CITY OF

BERWYN and the CITY OF BERWYN POLICE DEPARTMENT.

2.　　　That on or about April 2, 2008 at approximately 1:15 a.m., Plaintiff was walking

home from his job in a westerly direction on a sidewalk located on 28th Street near its

intersection with Cuyler Avenue in Berwyn, Cook County, Illinois.

3.　　　At the time and location alleged, Defendant BERWYN POLICE OFFICER JOHN

HADJIOANNOU stopped, searched and subsequently arrested Plaintiff.

4.　　　At the time and location alleged, there existed no probable cause for the,

Defendant BERWYN POLICE OFFICER JOHN HADJIOANNOU to stop, search and

subsequently place the Plaintiff under arrest.  Prior to the aforementioned stop, the Plaintiff was

peacefully conducting himself.  Further, Defendant BERWYN POLICE OFFICER JOHN

HADJIOANNOU did not possess a valid search or arrest warrant for the Plaintiff.

5.　　　At the time and location alleged, Defendant BERWYN POLICE OFFICER JOHN

HADJIOANNOU targeted Plaintiff because of Plaintiff's race.

6.　　　At the time and location alleged, after illegally stopping the Plaintiff without

probable cause, Defendant BERWYN POLICE OFFICER JOHN HADJIOANNOU deprived the

Plaintiff of his liberty to be free, falsely arrested said Plaintiff and assaulted and battered said

Plaintiff, without provocation on the part of the Plaintiff, causing said Plaintiff to sustain

personal injuries.

7.　　　At the time and location alleged, the conduct and actions of Defendant BERWYN

POLICE OFFICER JOHN HADJIOANNOU was intentional, excessive and with a conscious

disregard for the safety of the Plaintiff; and as such, said conduct and actions were willful and

wanton in nature.

8.　　　That pursuant to the common law Doctrine of Respondent Superior and Section

9-102 of the Local Government and Governmental Employees Tort Immunity Act, 745ILCS

10/9-102,  Defendant CITY OF BERWYN is liable for the willful and wanton misconduct of its

Police Officers.

WHEREFORE, the Plaintiff, MARK A. MERCADO, by and through his Attorneys,

LANZILLOTTI, GRIBBEN & MARCHUK, prays for judgment against the Defendants CITY

OF BERWYN and BERWYN POLICE OFFICER JOHN HADJIOANNOU for a sum in excess

of FIFTY THOUSAND ($50,000.00) plus the costs of this action, Attorney's fees and such other

relief as the Court deems just and equitable.


## COUNT IV

**CIVIL RIGHTS VIOLATION**                    **U.S.C.A. 42 Section 1983**


NOW COMES the Plaintiff, MARK A. MERCADO, by and through his Attorneys,

LANZILLOTTI, GRIBBEN & MARCHUK and complaining of the Defendants, CITY OF

BERWYN and BERWYN POLICE OFFICER JOHN HADJIOANNOU, states as follows:

    1.    On April 2, 2008, Plaintiff MARK A. MERCADO possessed certain rights under

the Fourth and Fourteenth Amendments of the United States Constitution and U.S.C.A. 42

Section 1983.

    2.    On April 2, 2008 Plaintiff was a resident of the City of Berwyn living at

6342 W. 28th Street, Berwyn, Cook County, Illinois.

    3-9.    The Plaintiff, MARK A. MERCADO, adopts and realleges the allegations set

forth in Paragraphs 1 through 7 inclusive of Count III of this Complaint as his allegations in

Paragraph 3 through 9 inclusive of Count IV of this Complaint, as though fully set forth herein.

    10.    At the time and location alleged, Defendant BERWYN POLICE OFFICER JOHN

HADJIOANNOU violated the Fourth and Fourteenth Amendment rights of the United States

Constitution of Plaintiff MARK A. MERCADO, within the meaning of 42 U.S.CA. Section

1983, in that there existed no probable cause to stop, search and to place him under arrest.

    11.    At the time and location alleged, Defendant BERWYN POLICE OFFICER JOHN

HADJIOANNOU violated the Fourth and Fourteenth Amendment rights of the United States

Constitution of the Plaintiff, within the meaning of 42 U.S.C.A. Section 1983, in that Defendant

BERWYN POLICE OFFICER JOHN HADJIOANNOU unlawfully stopped and maliciously harassed the Plaintiff because of his race.

12.    At the time and location alleged, Defendant BERWYN POLICE OFFICER JOHN HADJIOANNOU, violated the Fourth and Fourteenth Amendment rights of the United States Constitution of the Plaintiff, within the meaning of 42 U.S.C.A. Section 1983, in that intentional and excessive use of force was utilized by Defendant BERWYN POLICE OFFICER JOHN HADJIOANNOU upon the Plaintiff which resulted in severe permanent injuries to the Plaintiff.

13.    At the time and location alleged, Defendant BERWYN POLICE OFFICER JOHN HADJIOANNOU violated the Fourth and Fourteenth Amendment rights of the United States Constitution of the Plaintiff, within the meaning of 42 U.S.C.A. Section 1983, in that he denied the Plaintiff due process of law under said Amendments by causing the Plaintiff great bodily harm and permanent injury.

14.    As a proximate result of the aforesaid violations of the Fourth and Fourteenth Amendments of the United States Constitution and the violation of 42 U.S.C.A. Section 1983, the Plaintiff sustained injuries of a personal, reoccurring and permanent nature.

WHEREFORE, the Plaintiff, MARK A. MERCADO, prays for judgment against Defendants the CITY OF BERWYN and BERWYN POLICE OFFICER JOHN HADJIOANNOU for a sum in excess of FIFTY THOUSAND ($50,000.00) plus the costs of this action, Attorney's fees and such other relief as the Court deems just and equitable.

## COUNT V

**CIVIL RIGHTS VIOLATION**                    **U.S.C.A. 42 Section 1983**

NOW COMES the Plaintiff, MARK A. MERCADO, by and through his Attorneys, LANZILLOTTI, GRIBBEN & MARCHUK and complaining of the Defendants, CITY OF BERWYN and BERWYN POLICE DEPARTMENT CHIEF OF POLICE WILLIAM KUSHNER, states as follows:

1.     On May 12, 2007, Plaintiff MARK A. MERCADO possessed certain rights under the Fourth and Fourteenth Amendments of the United States Constitution and U.S.C.A. 42 Section 1983.

2.     On May 12, 2007 Plaintiff was a resident of the City of Berwyn living at 6342 W. 28th Street, Berwyn, Cook County, Illinois.

3-9.     The Plaintiff, MARK A. MERCADO, adopts and realleges the allegations set forth in Paragraphs 1 through 7 inclusive of Count I of this Complaint as his allegations in Paragraph 3 through 9 inclusive of Count V of this Complaint, as though fully set forth herein.

10.     At all times relevant to this Complaint, Defendant DAVID GREEN, as a Police Officer was acting under the direction and control of Defendants WILLIAM KUSHNER and the CITY OF BERWYN.

11.     Acting under color of law and pursuant to official policy of custom, Defendants, WILLIAM KUSHNER and the CITY OF BERWYN knowingly, recklessly, or with gross negligence failed to instruct, supervise, control and discipline on a continuing basis Defendant BERWYN POLICE OFFICER DAVID GREEN in his duties to refrain from:  (1) unlawfully and maliciously harassing a citizen because of his race;  (2) unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities;  (3) unlawfully and maliciously arresting, imprisoning and prosecuting a citizen who was acting in accordance with his constitutional and statutory rights, privileges and immunities;  (4) unlawfully and maliciously assaulting and beating a citizen or otherwise using unreasonable and excessive force before, during, or after the making of an arrest, whether the arrest was lawful or unlawful;  (5) conspiring to violate the rights, privileges and immunities guaranteed to Plaintiff by the Constitution and laws of the United States of Illinois;  and (6) otherwise depriving Plaintiff of his constitutional and statutory rights, privileges and immunities.

12.     Defendants WILLIAM KUSHNER and CITY OF BERWYN had knowledge or, had they diligently exercised their duties to instruct, supervise, control and discipline on a

continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendants WILLIAM KUSHNER and CITY OF BERWYN had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence and knowingly, recklessly or with gross negligence failed or refused to do so.

13.    Defendants WILLIAM KUSHNER and CITY OF BERWYN directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of BERWYN POLICE OFFICER DAVID GREEN as heretofore described.

14.    As a direct and proximate cause of the negligent and intentional acts of Defendants WILLIAM KUSHNER and CITY OF BERWYN as set forth in Paragraphs 1 thru 14, hereinabove, the Plaintiff suffered physical injury, loss of income, medical expenses, and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States and protected by U.S.C.A. 42 Section 1983.

WHEREFORE, the Plaintiff, MARK A. MERCADO, prays for judgment against Defendants the CITY OF BERWYN and BERWYN POLICE DEPARTMENT CHIEF OF POLICE WILLIAM KUSHNER for a sum in excess of FIFTY THOUSAND ($50,000.00) plus the costs of this action, Attorney's fees and such other relief as the Court deems just and equitable.

## COUNT VI

**CIVIL RIGHTS VIOLATION**                    **U.S.C.A. 42 Section 1983**


NOW COMES the Plaintiff, MARK A. MERCADO, by and through his Attorneys, LANZILLOTTI, GRIBBEN & MARCHUK and complaining of the Defendants, CITY OF BERWYN and BERWYN POLICE DEPARTMENT CHIEF OF POLICE WILLIAM KUSHNER, states as follows:

1.    On April 2, 2008, Plaintiff MARK A. MERCADO possessed certain rights under

the Fourth and Fourteenth Amendments of the United States Constitution and U.S.C.A. 42 Section 1983.

2.     On April 2, 2008 Plaintiff was a resident of the City of Berwyn living at 6342 W. 28th Street, Berwyn, Cook County, Illinois.

3-9.     The Plaintiff, MARK A. MERCADO, adopts and realleges the allegations set forth in Paragraphs 1 through 7 inclusive of Count III of this Complaint as his allegations in Paragraph 3 through 9 inclusive of Count VI of this Complaint, as though fully set forth herein.

10.     At all times relevant to this Complaint, Defendant JOHN HADJIOANNOU, as a Police Officer was acting under the direction and control of Defendants WILLIAM KUSHNER and the CITY OF BERWYN.

11.     Acting under color of law and pursuant to official policy of custom, Defendants, WILLIAM KUSHNER and the CITY OF BERWYN knowingly, recklessly, or with gross negligence failed to instruct, supervise, control and discipline on a continuing basis Defendant BERWYN POLICE OFFICER JOHN HADJIOANNOU in his duties to refrain from:   (1) unlawfully and maliciously harassing a citizen because of his race;  (2) unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities;  (3) unlawfully and maliciously arresting, imprisoning and prosecuting a citizen who was acting in accordance with his constitutional and statutory rights, privileges and immunities;  (4) unlawfully and maliciously assaulting and beating a citizen or otherwise using unreasonable and excessive force before, during, or after the making of an arrest, whether the arrest was lawful or unlawful;  (5) conspiring to violate the rights, privileges and immunities guaranteed to Plaintiff by the Constitution and laws of the United States of Illinois;  and

(6) otherwise depriving Plaintiff of his constitutional and statutory rights, privileges and immunities.

12.     Defendants WILLIAM KUSHNER and CITY OF BERWYN had knowledge or, had they diligently exercised their duties to instruct, supervise, control and discipline on a

continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendants WILLIAM KUSHNER and CITY OF BERWYN had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence and knowingly, recklessly or with gross negligence failed or refused to do so.

13.    Defendants WILLIAM KUSHNER and CITY OF BERWYN directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of BERWYN POLICE OFFICER JOHN HADJIOANNOU as heretofore described.

14.    As a direct and proximate cause of the negligent and intentional acts of Defendants WILLIAM KUSHNER and CITY OF BERWYN as set forth in Paragraphs 1 thru 14, hereinabove, the Plaintiff suffered physical injury, loss of income, medical expenses, and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States and protected by U.S.C.A. 42 Section 1983.

WHEREFORE, the Plaintiff, MARK A. MERCADO, prays for judgment against Defendants the CITY OF BERWYN and BERWYN POLICE DEPARTMENT CHIEF OF POLICE WILLIAM KUSHNER for a sum in excess of FIFTY THOUSAND ($50,000.00) plus the costs of this action, Attorney's fees and such other relief as the Court deems just and equitable.

_____
Attorneys for Plaintiff

Lanzillotti, Gribben & Marchuk
Attorneys for Plaintiff
3415 South Harlem Avenue
Berwyn, Illinois  60402
(708) 749-2405
Cook County Attorney No. 45804